UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MATTHEW GILL, individually
and on behalf of all others
similarly situated,

            Plaintiff,

v.

J.G. WENTWORTH HOME
LENDING LLC,

            Defendant.

_____/

CASE NO.:

Collective Action

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Matthew Gill ("**Plaintiff**") brings this action individually and on behalf of all others similarly against Defendant J.G. Wentworth Home Lending LLC ("**Defendant**") and in support shows the Court the following:

1. **Nature of Suit.**

    1.1. This is an opt-in collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("**FLSA**").

    1.2. Defendant employed Plaintiff and other Class Members as "Loan Officers" whose primary job duties involved selling Defendant's loan products to individuals over the telephone from a call center.

    1.3. Defendant paid Loan Officers an hourly rate and a commission. If the commission for the pay period was greater than the hourly rate pay, Plaintiff and the Loan Officers were not paid the hourly rate. They were solely paid the

    commission which essentially resulted in Defendant paying them on a commission-only basis ("**Commission Basis**").

1.4. The hours worked by Loan Officers were not accurately tracked or counted towards total hours worked and no overtime was paid for these hours ("**Uncounted Hours Policy**"). Because Defendant did not accurately track and pay for all hours worked, including overtime hours, Defendant violated the FLSA by failing to pay Plaintiff overtime compensation for all hours worked in excess of 40 per workweek.

1.5. Defendant also violated the FLSA by failing to include all required remuneration into the regular rate of pay to calculate overtime for any overtime pay it managed to pay Plaintiff and the Class Members. The payments erroneously excluded from the regular rate of pay include, without limitation, commissions and non-discretionary bonus pay ("**Additional Pay**"). Defendant's failure to include Additional Pay into Loan Officer's regular rate to calculate and pay overtime ("**Overtime Miscalculation Policy**") violated the FLSA.

2. **Parties.**

    2.1. Plaintiff Ben Bieber worked for Defendant in Florida in the three years preceding the filing of this case. Defendant specifically employed Plaintiff as a Loan Officer from approximately December of 2017 until November of 2018 in Boca Raton, Florida. Plaintiff's his consent to participate in this case is filed as an exhibit to this Complaint.

2.2. Plaintiff brings this action individually and on behalf of those similarly situated pursuant to the FLSA ("**Class Members**"). The Class Members consist of all persons who are or have been employed by Defendant or Weststar in Defendant's call center located in Boca Raton, Florida as "Loan Officers," "Mortgage Loan Officers," "Mortgage Bankers," "Loan Originators," "Mortgage Loan Originators," or any other like mortgage sales employee at any time during the three-year period preceding the date of the filing of this Complaint.

2.3. Defendant J. G. Wentworth Home Lending LLC is a Virginia limited liability company.

**3. Jurisdiction and Venue.**

3.1. Venue of this action is proper in this district and division because Defendant maintains an office in this District. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

3.2. Defendant carries on substantial business in the Southern District of Florida and has sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

3.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA.

**4. Coverage.**

4.1. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Class Members.

4.2. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.3. At all times hereinafter mentioned, Defendant has been an enterprise with the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.4. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and Defendant has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Plaintiff and the Class Members specifically handled and used materials that traveled in interstate commerce, including computer and telephone equipment, to sell Defendant's loan products over the telephone and the internet.

4.5. At all times hereinafter mentioned, Plaintiff and the Class Members were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 203(e)(1).

4.6. Defendant is a national provider of home loan mortgages. Two or more of Defendant's employees, engage in commerce by using equipment that has traveled in interstate commerce.  By way of example and not by limitation, Defendant's employees used/use:

    4.6.1. computers and telecommunications equipment that has been manufactured and shipped across state lines;

    4.6.2. office equipment, such as copiers, that has been manufactured and shipped across state lines;

    4.6.3. the interstate telephone systems, landline and cellular, to recruit and employ individuals for operational positions;

    4.6.4. The United States postal system to send mail across state lines; and

    4.6.5. the interstate banking systems to pay Defendant's employees.

4.7. In part, because Plaintiff and the Loan Officers were paid hourly and on a Commission Basis, none of the "exemptions" to the FLSA apply.

## 5. Factual Allegations.

5.1. Defendant has had business operations throughout the United States, including in this Judicial District, during the three years prior to the filings of this lawsuit.

5.2. Plaintiff worked for Defendant as a Loan Officer for Defendant from approximately December 2017 to November 2018.

5.3. As a Loan Officer, Plaintiff's primary job duties consisted of selling Defendant's loan products to customers over the telephone and through the internet.

5.4. Plaintiff and other Loan Officers did not customarily and regularly make sales at their customer's home or place of business. Instead, Plaintiff and other Loan Officers regularly made sales over the phone or the internet.

5.5. Plaintiff worked over 40 hours per week. He was not paid any overtime for the week.

5.6. Plaintiff normally worked 8:00 am to 8:00 pm weekdays and 4-6 hours per weekend. Based on the above, Plaintiff estimates that he worked between 55 and 70 hours per week, each week during his employment.

5.7. Defendant knew that Plaintiff worked in excess of 40 hours per workweek.

5.8. Defendant did not accurately track the hours worked by Plaintiff and the Class Members.

5.9. Instead of providing Plaintiff with overtime pay, Defendant paid Plaintiff on a Commission Basis, without overtime pay for his many hours of overtime work.

5.10. Plaintiff is entitled to receive overtime pay for all hours he worked in excess of 40 hours per workweek.

5.11. Defendant willfully failed to pay overtime to Plaintiff and the Class Members despite having awareness of the FLSA's overtime requirements. Class Members. Specific facts exposing that Defendant willfully violates/violated the FLSA include the fact that Defendant (1) instituted and enforced the Uncounted Hours Policy; (2) instituted and enforced the Overtime Miscalculation Policy; (3) failed to keep proper employment records for Plaintiff and the Class Members; and (4) failed to keep accurate time records for the hours worked by Plaintiff and the Class Members during their employment. Additionally Defendant has been sued before over these same allegations.

**6. Collective Action Allegations.**

6.1. Plaintiff brings his FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b).

6.2. The Class Members are similarly situated to Plaintiff in terms of job duties and pay provisions. Plaintiff and the Class Members all sold Defendant's loan products to individuals over the phone. Plaintiff and the Class Members were also subjected to the same illegal pay provisions: the Uncounted Hours and Overtime Miscalculation Policies that failed to pay the Loan Officers (1) overtime for all hours worked in excess of 40 per workweek; and (2) one-and-one-half times their regular rates of pay for all overtime hours worked. Accordingly, the Class Members are similarly situated to Plaintiff in terms of job duties and pay provisions.

6.3. The pay policies for all Loan Officers were the same.

6.4. Defendant uniformly applied its pay policies to all Loan Officers.

6.5. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members.  Thus, Plaintiffs' experience is typical of the experience of the Class Members.  All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation at a rate of one-and-one-half their regular rate for hours worked in excess of 40 per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The questions of law and fact are common to Plaintiffs and the Class Members.

7. **Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

   7.1. Each and every allegation contained in the foregoing paragraphs 1-6, inclusive, is re-alleged as if fully rewritten herein.

   7.2. During the relevant time period, Defendants violated and continue to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendants have acted willfully in failing to pay Plaintiffs and the Class Members in accordance with the law. *See e.g.* 5.11 *supra*.

8. **Litigation Hold.**

   8.1. Plaintiff requests that Defendant take action to preserve all potentially relevant documents and ESI and to prevent the deletion or spoliation of any evidence.

9. **Relief Sought.**

   9.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he and all those who consent to be opt-in plaintiffs in this collective action recover from Defendant, the following:

     9.1.1. An Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and appointing Plaintiff and his counsel to represent the Class Members;

9.1.2. An Order requiring Defendant to provide the names, addresses, email addresses and telephone numbers of all potential Class Members;

9.1.3. An Order approving the form and content of a notice to be sent to all potential Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

9.1.4. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

9.1.5. All unpaid wages and overtime compensation;

9.1.6. An award of liquidated damages pursuant to 29 U.S.C § 216 as a result of the Defendant's failure to pay overtime compensation pursuant to the FLSA;

9.1.7. Reasonable attorneys' fees, expert fees, costs, and expenses of this action as provided by the FLSA;

9.1.8. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

9.1.9. Such other relief as to which Plaintiff may be entitled.

**Respectfully submitted,**     By:   /s/ Brandon J Hill
        Brandon J. Hill
        Florida Bar Number: 37061
**Wenzel Fenton Cabassa, PA.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct No.: 813-337-7992
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: twells@wfclaw.com

Chris R. Miltenberger
**The Law Office of Chris R. Miltenberger, PLLC**
1340 N. White Chapel, Suite 100
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com
*Pro Hac Vice Application forthcoming*

JACK SIEGEL
Texas Bar No. 24070621
SIEGEL LAW GROUP PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
jack@siegellawgroup.biz
*Pro Hac Vice Application forthcoming*

**Attorneys for Plaintiff**